ELI BARNES, appellant, v. LEVI C. BARBER *et al.,* appellees. <sub>6 401</sub>

*Appeal from De Kalb.*

If a plaintiff in the Circuit Court suffers a voluntary nonsuit, he is precluded from prosecuting an appeal or writ of error. He may, however, by suffering a judgment in bar to go against him, entitle himself to a revision of the cause on appeal, or writ of error; but if he prefer to suffer a nonsuit, his only remedy is found in the Court in which the action was commenced, by motion to set aside such nonsuit, when entered with leave to make such motion, or in the institution of proceedings *de novo* in that, or some other Court having original jurisdiction of the subject matter.

In an action *ex delicto,* where there are several joint defendants, a plaintiff is not precluded from prosecuting an appeal, or writ of error, for the reversal of the judgment of the Court discharging any one or more of the defendants in such suit, either on the pleadings or the evidence, although as to such defendants, the plaintiff is subjected to a judgment of nonsuit.

A ministerial officer is protected in the execution of the process of a Court of limited jurisdiction, where it shows upon its face that the Court had jurisdiction of the subject matter, and nothing appears to apprise him, that the Court had not also jurisdiction of the person of the defendant.

Where there is an excess, or an unauthorized assumption of jurisdiction by an inferior Court, both the party and the Court may be presumed to be cognizant of that fact, and should, therefore, be liable; but unless such excess, or want of jurisdiction be brought home to the knowledge of the officer executing the process, either by something apparent on its face, or by other matter *aliunde,* he should be saved harmless.

One of several joint defendants, when discharged by the judgment of the Court, thereby becomes a competent witness for the other defendants.

To bring a suit into the Supreme Court for reversal on account of the insufficiency of evidence in the Court below to sustain its decision, a motion should be made in the latter Court to set aside the finding as being against evidence, and to grant a new trial; if the Court overrule such motion, and its decision is excepted to, the judgment may be assigned for error.

TROVER, in the De Kalb Circuit Court, at the September term 1843, brought by the appellant against the appellees, and tried by the Hon. John D. Caton without the intervention of a jury. Judgment for the defendants for costs.

The pleadings are set forth in the Opinion of the Court.

*O. Peters,* for the appellant:

1. The three Barbers, having joined in the plea of the general issue, and two of them in a justification, they could not

avail themselves of separate defences. *Schermerhorn* v. *Tripp,* 2 Caines, 108; Story's Pl. 52; *Drake* v. *Barrymore,* 14 Johns. 166; *Higby* v. *Williams,* 16 Johns. 214; *Moore* v. *Parker,* 3 Mass. 310.

2. If there be no evidence whatever against one of the several defendants, he may be discharged immediately; but if there be any, the least evidence against him, the case must go to the jury, and he must abide his fate with his co-defendants. 3 Chitty's Gen. Prac. 902, 903; 2 Tidd's Prac. 861; *Child* v. *Chamberlain,* 25 Eng. Com. Law R. 362.

3. The same rule should obtain where a jury is waived, and a case is submitted to the Court, as if it were tried by a jury; the office of Judge is completely merged into that of a juror. *Gilmore* v. *Ballard,* 1 Scam. 253. And where evidence tends to prove the issue, the Court, like the jury, must weigh it. *Davis* v. *Hoxy,* 1 Scam. 406.

4. It was erroneous to render any judgment while there were issues to the country undisposed of. *Lyon* v. *Barney,* 1 Scam. 387; *Manlove* v. *Bruner,* Ib. 390; *Bradshaw* v. *Hoblett,* 4 do. 53; *Bradshaw* v. *McKinney,* Ib. 54.

*H. Brown,* and *T. L. Dickey,* for the appellees;

On a plea of general issue, when there is no proof against defendants, they may be discharged. *Drake* v. *Barrymore,* 14 Johns. 166; *Child* v. *Chamberlain,* 25 Eng. Com. Law R. 362; *Smith* v. *Moore,* 3 Scam. 464.

A defendant interposing a defence personal to himself, is severed from the rest, and becomes a competent witness.

The case of *Moore* v. *Parker,* 3 Mass. 310, cited by counsel for appellant, has no application to the case under consideration.

After the testimony for the plaintiff is closed, a defendant may be discharged and be a witness. 4 Phil. Ev. 426; *Child* v. *Chamberlain,* 25 Eng. Com. Law R. 362.

A sale after the return day of a writ of execution is good. *Platt* v. *Sherry,* 7 Wend. 236; *Phillips* v. *Dana,* 3 Scam. 558.

An officer may justify under an execution, without producing the judgment. 3 Phil. Ev. 1078, note 738.

The fact of being present, without giving directions, does not make a party liable. 4 Phil. Ev. 249, note 428, in the notes to the second volume.

A constable may be a witness after discharge. 4 Phil. Ev. 426.

The Opinion of the Court was delivered by

THOMAS, J. This was an action of *trover* and conversion commenced by the appellant against the appellees, and Castle Churchill, for four oxen.

The defendant Churchill was not found. The pleas interposed by the other defendants, were

1. The general issue, by all of said defendants, which was joined by the plaintiff.

2. By the defendants Levi C., and Clark L. Barber, justification under a judgment rendered and execution thereon issued by the said Levi C. Barber, as a justice of the peace, and a levy and sale of the property in question, thereon by the said Clark L. Barber, as a constable.

3. By the defendant Clark L. Barber in justification, that an execution issued by Levi C. Barber as a justice of the peace of the said county of De Kalb, "whereby the people of the State of Illinois commanded any constable of the said county, of the goods and chattels of Eli Barnes, of said county, to make the sum of $57·72, which Castle Churchill, who sues as well for himself, as for the county of De Kalb, lately recovered against the said Eli Barnes, in a certain plea against the said Eli Barnes," &c., and a levy upon and sale of the said oxen, by him the said Clark L. Barber, as constable of the said county by virtue of the said execution, &c.

The plaintiff demurred generally to the second and third pleas aforesaid, and they having been held good by the Court, withdrew his demurrer to the said second plea, by leave of the Court, and thereto replied *de injuria*, &c., and standing by his demurrer to the said third plea, the said demurrer was overruled, and judgment thereon rendered against the plaintiff for costs, and discharging the said defendant, Clark L. Barber.

The cause was then submitted to the Court for the trial of the issues formed upon the first plea and the replication to the second plea, without the intervention of a jury.

The plaintiff having closed the testimony on his part, the Court on the request of the defendant, Henry Barber, passed upon the issue joined as to him, and upon the ground that the evidence, although tending to prove his guilt, was wholly insufficient to warrant his conviction, found him not guilty and discharged him.

The defendant Levi C. Barber, was then permitted, against the plaintiff's objections, to call the aforesaid Clark L. Barber, and examine him as a witness on the further trial of the cause, whereupon the plaintiff suffered a voluntary nonsuit, on which a judgment was rendered, discharging the defendant, Levi C. Barber.

The plaintiff, prosecuting his appeal, assigns for error the judgment of the Circuit Court, overruling the demurrer to the third plea, and discharging the defendant, Henry Barber, and the order of said Court permitting the defendant, Clark L. Barber, to testify as a witness, and the questions as to the regularity of discharging the said defendant, Henry Barber, and as to the competency of the said Clark L. Barber as a witness, having been preserved by bills of exceptions taken during the progress of the trial.

Before proceeding to the consideration of the assignment of errors, it becomes necessary to dispose of a preliminary question raised by the appellees. They insist that the appellant is precluded by reason of his having suffered a voluntary nonsuit in the Circuit Court from asking a reversal of the judgment of that Court, by the adjudication of this. Their general proposition, that a plaintiff may not prosecute his appeal or writ of error, for the reversal of judgment of voluntary nonsuit, is undeniably true. If the plaintiff considers the adjudication of the Circuit Court, on questions arising during the progress of the trial, erroneous, he may, by suffering a judgment in bar to go against him, entitle himself to a revision of such adjudications, on appeal or error, and if found erroneous, to their reversal; but if he prefer to take a nonsuit, his only

remedy is found in the Court in which the action was commenced, by motion to set aside such nonsuit, when entered with leave to make such motion, or in the institution of proceedings *de novo*, in that or some other Court having original jurisdiction of the subject matter; and not in a resort to an appellate Court. The judgment in such case is the consequence of his own volition, and consequently he cannot allege that there was error in its rendition by the Court. *Van Wormer* v. *City of Albany*, 15 Wend. 263; Ibid. 18 do. 172, 173. But the operation of this principle is limited by the effect of the judgment of nonsuit in any case, and consequently such judgment as to one of several defendants, sued jointly in an action *ex delicto*, will not, although itself irreversible, preclude the plaintiff from prosecuting his appeal, or writ of error for the reversal of the judgment of the Court discharging any one or more of the other defendants in such suit, either on the pleadings or evidence. The judgment of nonsuit in such case is but a *nolle prosequi* as to one of several defendants, and whether entered before or after the discharge of the defendants not embraced within its operation, the judgment disposing of the case as to them is in no wise affected by it. In this view of the case, the record of the proceedings of the Circuit Court are closed from the view of this Court, only so far as they relate to Levi C. Barber, as to whom alone the judgment of nonsuit was rendered. The judgments of the Court in favor of the other defendants Henry, and Clark L. Barber, were in bar and as against the plaintiff *in invitum*, and are therefore properly inquirable into here.

I come, therefore, to consider the errors alleged to exist in those judgments, and first, as to the sufficiency of the third plea, as interposed by the defendant, Clark L. Barber, questioned by the first error assigned.

The question involved in this inquiry is, as to what an officer should show to justify himself in the execution of process issued by a Court of limited jurisdiction. This has long been a vexed question, although it has always been held that the process of a Court of general jurisdiction, fair

Barnes v. Barber *et al.*

upon its face, would protect the officer executing it. Many cases may be found, in which it is stated generally, that where an inferior Court exceeds its jurisdiction, its proceedings are entirely void, and afford no protection either to the Court, the party, or the officer executing its process. But Mr. Justice Marcy, in pronouncing the opinion of the Supreme Court of New York, in the case of *Savacool* v. *Boughton*, 5 Wend. 170, reviews all of those various adjudications and *dicta* on the subject in both England and the United States, and shows very clearly that that principle, although true in its applicacation to the Court and party, is not, and of right, should not be as against the officer executing the process. That case settles the doctrine, that a ministerial officer is protected in the execution of the process of a Court of limited jurisdiction, where it shows upon its face that the Court had jurisdiction of the subject matter, and nothing appears to apprise him that the Court had not also jurisdiction of the person of the defendant. That principle has since been uniformly recognized by the Courts of that State, and furnishes, I think, the only reasonable and safe rule on the subject. It is the policy of the law as well to encourage as to protect its officers, in the faithful and efficient discharge of their official duties. Prosecutions against them for acts done by them in the *bona fide* performance of such duties, should therefore find no favor in Courts of justice, although for any neglect of duty or abuse of power, they should be held to a strict accountability. Hence, where there is an excess, or an unauthorized assumption of jurisdiction by an inferior Court, both the party and the Court may be presumed to be cognizant of that fact, and should, therefore, be held liable; but unless such excess or want of jurisdiction be brought home to the knowledge of the officer executing the process, either by something apparent on its face, or by other matter *aliunde*, he should be saved harmless.

Nor is this doctrine at all in conflict with the principle, that while every thing will be intended in favor of the jurisdiction of Courts of general jurisdiction, nothing will be intended in favor of the jurisdiction of Courts of limited jurisdiction, but that any one claiming or justifying under their pro-

Barnes *v.* Barber *et al.*

ceedings or process, must show affirmatively jurisdiction in them and regularity of proceedings by them. It is, for the protection of the officer, a sufficient compliance with that requisition, that the process show such jurisdiction and regularity on its face.

The plea under consideration, tested by this rule, was properly held good, as the process, recited by it as the basis of the justification by the defendant's pleading it, showed upon its face regularity and jurisdiction in the justice issuing it. The defendant, Clark L. Barber, therefore, having been properly discharged by the judgment of the Court upon the demurrer to his plea, thereby became a competent witness for the other defendants, and consequently, the Court did not err in permitting him to be sworn and examined in that capacity.

This, then, disposes of the first two errors assigned. It remains only to consider of the alleged error of the Circuit Court in finding the defendant, Henry Barber, not guilty, and discharging him before the whole matter was submitted and passed upon by the Court as to the other defendants.

That proceeding may perhaps have been irregular, but if so, such irregularity is not now properly before us for consideration. If the defendant, Henry Barber, had been discharged for the purpose of becoming a witness for his co-defendant, L. C. Barber, and had testified in his favor, and the Court had thereupon found the issue against the plaintiff, and discharged the defendant, L. C. Barber, the plaintiff might then have called upon this Court to determine whether the Circuit Court had not therein erred to his prejudice; but that inquiry cannot now arise, as the said Henry Barber was not so examined as a witness, and for the reason that the plaintiff suffered a nonsuit as to the said defendant, L. C. Barber, whereby, as has been shown, he would have been disabled from calling in question in this Court the competency of the said Henry Barber as a witness for the said L. C. Barber, if he had been so used.

Nor can the plaintiff ask a reversal of the judgment in favor of the said Henry Barber on the ground that the evi-

dence was sufficient to convict him.   If the Court erred in
finding him not guilty, the error was one of fact and not of
law, and of course is not cognizable by this Court.   To have
brought up for revision the question of the sufficiency of the
evidence heard on the trial to justify the Court in finding the
defendant, Henry Barber, not guilty, a motion should have
been made in that Court to set aside such finding as being
against the evidence, and to grant a new trial, precisely as
if the finding had been by a jury, and then, if the Court had
overruled such motion, its judgment thereon being excepted
to, might have been assigned for error.   No such motion,
however, was made.

The judgment of the Circuit Court is affirmed with costs.

WILSON, C. J. delivered the following separate opinion:

I, in part, concur in the Opinion of the Court in this case,
but I cannot assent to the correctness of the principle laid
down, that process issued by a justice constitutes a full de-
fence to a constable in an action of trespass against him for
executing it, provided it is regular upon its face, although the
justice had no jurisdiction over the subject matter of adjudi-
cation.   I admit that such a process would constitute a de-
fence *prima facie*, but I think the rule fully settled by author-
ity, that when the want of jurisdiction in the justice over the
subject matter of adjudication is established, the process be-
comes a nullity and will not be a protection to the constable
or any one acting under it.   I admit there is some contrariety
of decision in this point, but the principle, as I have stated
it, has been too long and too fully established to be over-
thrown by the contrary decisions referred to.

*Judgment affirmed.*